ALEXANDER FOLSOM *v.* JOHN VAN WAGNER.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1873.)

In a difficult and extraordinary case, after issue and before trial, it having been twice on the calendar and prepared by defendant for trial, an ordei was entered, on motion of plaintiff, discontinuing, "on payment of defendant's costs to be taxed, and of an extra allowance herein which may hereafter be made or granted to defendant."

*Held*, that defendant was entitled to judgment and an extra allowance, in addition to taxable costs, under section 309 of the Code.

*Held*, also, that there was a "recovery of judgment" by defendant, within the meaning of section 303 of the Code.

It seems a recovery of judgment is not necessarily a condition precedent to allowance of costs.

THE following opinion was rendered by DANFORTH J., at Albany Special Term, in which the facts are stated.

*Israel Lawson*, for the plaintiff.

*Monell & Van Wyck & R. E. Andrews*, for the defendant.

DANFORTH, J.   This action was brought to compel specific performance of an alleged agreement for the sale of land in Columbia county of the value of $12,000.

The cause proceeded to issue and was twice on the calendar at the Columbia Circuit, and the defendant was ready for trial.

On motion of the plaintiff at a Special Term the following order was made : "It is ordered that this action be discontinued on payment by plaintiff to the defendant or his attorney, on demand, of the defendant's costs herein to be taxed, and of any extra allowance herein which may hereafter be made or granted to the defendant herein ; the same, if made, to be taxed, and included in said bill of costs.   This order in nowise to prejudice the defendant's right to move for such extra allowance ; and such costs not to be deemed payable until the defendant shall have had a reasonable time to make and have determined a motion for such extra allowance."

Folsom *v.* Van Wagner.

The defendant now moves for an extra allowance under section 309 of the Code. It is conceded that the case is difficult and extraordinary.

The plaintiff insists that no extra allowance can be made, no judgment having been entered, and that section 303 of the Code so far qualifies section 309 that no allowance nor costs can be given, except " to the prevailing party upon the judgment;" and that, under the order in this case, if the costs should not be paid in pursuance to it, the defendant is not entitled to judgment, but must treat the order as a nullity and may proceed with the cause. I think the plaintiff's position is untenable. He virtually admits, by entering the order, that he cannot maintain his case. Under it the defendant is entitled to judgment and taxable costs, and a further allowance may be made to him.

The only question is whether it may be made before judgment or not. I think it may.

The order expressly states that the costs (meaning taxable costs) are not to be deemed payable until the determination of a motion by defendant for extra allowance.

The plaintiff obtained the order, and it amounts to a stipulation that defendant may move before judgment for an extra allowance.

The provision in section 303 of the Code, that there may be allowed to the prevailing party upon the judgment, &c., means, I think, not that the recovery of judgment is a condition precedent of the allowance of costs, but that costs may be allowed to the prevailing party, " to be included in the judgment."

In section 308 it is provided that certain additional sums shall be allowed to the plaintiff upon the recovery of judgment by him, &c.

This phrase is entirely different from " upon the judgment," and makes the "recovery of judgment" a condition of the allowances, except the provision for half rates in the last of the section.

In this case the defendant has prevailed. The plaintiff is

estopped by his order from insisting that he has not.   Defendant is entitled to judgment.   (7 Abb. Pr. [N. S.], 41; 1 Burrel on Pr., 179.)

If plaintiff's interpretation of the order were correct, a plaintiff desiring to put a cause over a circuit would have only to enter an order *ex parte*, to discontinue and offer to pay costs; and then, after the circuit and on presentation by defendant of the taxed costs, decline to pay.

The defendant's only course of further procedure, according to this theory, would be to notice for another circuit.

The taxable costs in this case will, by no means, compensate the defendant for drafting the answer and preparing for trial.

I think it is a case in which an extra allowance should be made.   Motion granted for $250 extra allowance to the defendant.

From the order entered pursuant to the decision plaintiff appealed, and at General Term, March, 1873 (present, MILLER, P. J., POTTER and DANIELS, JJ.), the order was unanimously affirmed.